## Wiley Draughan v. The State.

*No. 963. Decided May 13th, 1895.*

**1. Recognizance—Sufficiency of.**

A recognizance on appeal, in a misdemeanor case, is fatally defective which does not recite the offense charged in the information.

**2. Same—Playing Cards in a Public Place.**

A recognizance which recited that defendant "stands charged with the offense of playing at a game with cards, in a public place, to-wit: In a room in a certain house, said room being a place commonly resorted to by people for the purpose of gaming," etc., states no offense. In order to constitute the room mentioned a public place, it should have been stated that it was attached to a house for retailing spirituous liquors and commonly used for gaming.

Appeal from the County Court of Wharton. Tried below before Hon. R. F. Bentley, County Judge.

This is an attempted appeal from a conviction for playing at a game with cards in a public place, to-wit: In a room over, and attached to a house for retailing spirituous liquors, etc.; the punishment being a fine of $10. The recognizance did not state the offense as charged in the information, nor, in fact, state any offense.

*Linn & Mitchell*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State. [No briefs found with the Record.—Reporter.]

DAVIDSON, Judge.—Appellant was convicted of gaming. The information in this case charges defendant with "playing cards in a public place, to-wit: In a room over and attached to a house for retailing spirituous liquors, the said room being commonly used for gaming." The recognizance recites that the appellant "stands charged with the offense of playing at a game with cards in a public place, to-wit: in a room in a certain house, said room being a place commonly resorted to by people for the purpose of gaming," etc. The recognizance is fatally defective, in that it does not re-cite the offense charged in the information, and does not charge any offense. In order for the room mentioned

in the recognizance to have been a public place, it should have been charged that said room was over and attached to a house for retailing spirituous liquors, and commonly used for gaming. This was the offense set out in the information. See Miller v. State, post p.— For the reasons indicated, the appeal herein isdismissed.

*Appeal dismissed.*

HURT, P. J., absent.